

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

AMENDED BY M-249

**WILL WILSON**
**ATTORNEY GENERAL**

October 23, 1962



Overruled by

Honorable D. F. Smallhorst
Executive Secretary
Texas Water Pollution Control Board
Austin, Texas

Opinion No. WW-1461

Re: Authority of the State Water
Pollution Control Board to
enter into a contract for the
professional services of an
attorney.

Dear Mr. Smallhorst:

Your request for an opinion on the above subject
matter reads as follows:

"The Texas Water Pollution Control
Board desires to enter into a contract for
the professional services of an attorney
to advise and assist the Board in the prepa-
ration of legal instruments such as contracts
and permits; drafting of resolutions, rules
and policy statements; conducting hearings;
and other matters of a legal nature relating
to the administration of this Agency. Expendi-
tures for this purpose would be made from
Comptroller's Fund WPRS, Budget No. 49, Cate-
gory No. 6, which can be used for professional
services.

"This office has been informed by the
Comptroller's Office that it will not issue
warrants in payment of such contract services
on the basis of Attorney General Opinions Nos.
0-6066 and V-403. Opinion No. WW-633 is also
pertinent to this matter.

"It is the Board's position that Section
3(h) of House Bill No. 24, Acts of the Fifty-
Seventh Legislature, First Called Session,
1961 (codified as Article 7621d, V.A.C.S.),
authorizes such a contract and the expenditure
of funds for such services.

"On behalf of the State Water Pollution Control Board, I respectfully request your opinion whether the Board has the power to enter into such a contract as that described above and to make payment for services performed under such contract out of an appropriate fund. Your early consideration of this request would be greatly appreciated."

Subdivision (h) of Section 3 of Article 7621d, Vernon's Civil Statutes, provides:

"(h) Technical, scientific, legal or other services shall be performed by personnel of other State agencies when requested by the Board, but the Board may employ and compensate with funds available therefore professional consultants, assistants and employees that may be necessary to carry out the provisions hereof and prescribe their powers and duties. The Board may request and shall receive the assistance of any State educational institution, experimental station, or other State agency."

In Attorney General's Opinion 0-6066 (1944), it was held that the State Board of Public Accountancy of Texas did not have the authority to pay legal fees to a firm of attorneys to advise such Board concerning recommended legislation affecting the profession of public accountancy for the reason that the statutes creating the Board and prescribing its authority and duty did not authorize such expenditure and did not make such proposed activity a duty of such Board. Likewise, in Attorney General's Opinion V-403 (1947), it was held that the State Board of Plumbing Examiners did not have authority to employ its own legal department for the reason that there was no express or implied authority given in the Act creating such Board to employ an attorney or attorneys as a legal department for the purpose of giving legal counsel or advice or handling litigation. In Attorney General's Opinion WW-633 (1959), it was held that the State Building Commission did have authority to pay for professional fees of an attorney for services rendered in connection with land acquisition, since Article 678m authorizes the Commission to enter into contracts necessary to provide for the obtaining of sites and the planning, designing and construction of buildings and specifically authorizes the employment of such professional assistants as may be deemed necessary by the Commission.

Therefore, the answer to your question is dependent on the construction of the language contained in Subdivision (h) of Section 3 of Article 7621d, above quoted. It is our opinion that the words "professional consultants, assistants and employees" is broad enough to include the contracting for professional services of an attorney. You are, therefore, advised that the Texas Water Pollution Control Board has authority to enter into a contract for the professional services of an attorney to advise and assist the Board in the preparation of legal instruments and other matters of a legal nature relating to the administration of the Texas Water Pollution Control Board.

## SUMMARY

The Texas Water Pollution Control Board has authority to enter into a contract for the professional services of an attorney to advise and assist the Board in the preparation of legal instruments and other matters of a legal nature relating to the administration of the Texas Water Pollution Control Board.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
Assistant

JR:ms

APPROVED:
OPINION COMMITTEE
J. C. Davis, Chairman

Frank Booth
L. P. Lollar
Pat Bailey
Scranton Jones

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore